COMMONWEALTH *vs.* JOSEPH JOHNSON.

In order to prove a former marriage in England, in support of an indictment for polygamy, a witness may testify to the general repute there, at a time anterior to his acquaintance with the defendant.

One may be found guilty of polygamy, under Gen. Sts. c. 165, §§ 4, 5, who has married here during the lifetime of his former wife, and within one year after leaving her in England, although she has never been out of England; and proof of these facts will support an indictment which alleges such second marriage, his former wife " not having been continually remaining beyond sea, and not having voluntarily withdrawn from " him, " and remained absent for the space of seven years together."

INDICTMENT, found in Essex county, for polygamy, alleging that the defendant, Joseph Johnson, in August 1850 was married to Alice Oates in England, and in September 1863 was married to Eliza Holmes in the city of Lawrence, he being then the lawful husband of Alice Oates, she being then living, and " not having been continually remaining beyond sea, and not having voluntarily withdrawn from the said Joseph Johnson and remained absent for the space of seven years together."

At the trial in the superior court, before *Lord,* J., the evidence tended to show that some fifteen years since the defendant was

married to Alice Oates in Bradford, England; that he was living with her as his wife in said Bradford in 1862, and that in the latter part of that year he left his wife in England and came to this country, and on the 14th of September 1863 was married to Eliza Holmes at Lawrence, with whom he afterwards cohabited in this state as his wife, his first wife being still alive. There was no evidence that the defendant or his wife ever lived anywhere except in Bradford until he started for this country, and it did not appear that she was ever in this country or out of England.

Henry Fowler was called as a witness on the part of the Commonwealth, and testified that he visited England in 1858, and remained there until the following April, staying most of the time at Bradford; that when a boy he knew a girl named Alice Oates; that by reason of his interest in Thomas Johnson, the defendant's brother, with whom he was acquainted in this country, and who came from Bradford, and whose family and friends resided there, he made particular inquiries in relation to the family connections of said Thomas, and there learned from general reputation that the defendant was married to Alice Oates. This evidence was admitted, against the defendant's objection. .

The defendant contended that the Gen. Sts. *c.* 165, §§ 4, 5,* did not apply to this case if it appeared that the said Alice had been continually residing beyond sea since her marriage; or that, if the statute applied, there was a variance between the allegations and the proof in this respect, and the fact that said Alice had always resided in England negatived the allegation in the indictment that said Alice had not been continually

---

* Gen. Sts. *c.* 165, § 4, provides for the punishment of polygamy; and § 5 is as follows:

" The provision of the preceding section shall not extend to any person whose husband or wife has been continually remaining beyond sea, or has voluntarily withdrawn from the other and remained absent for the space of seven years together, the party marrying again not knowing the other party to be living within that time, nor to any person legally divorced from the bonds of matrimony, and not the guilty cause of such divorce."

remaining beyond sea; but the judge ruled that the subsequen clauses of § 5 as to the seven years without reason to suppose the other party living applied as well to the clause of the section relating to a residence beyond sea as to the other absence of the party ; and that if the defendant was married to Alice Oates and was living with her as his wife in 1862, and came to this country, leaving his wife in England, and married again in this country, he was not within the statute exception.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*W. S. Gardner* for the defendant.

*Reed*, A. G., for the Commonwealth.

DEWEY, J.   1.  The testimony of Fowler was competent, under Gen. Sts. *c.* 106, § 22, to be submitted to the jury in connection with the other evidence, to establish the fact of the marriage of the defendant with Alice Oates.

2.  The defendant does not bring himself within the excepted cases enumerated in Gen. Sts. *c.* 165, § 5.   The fact that his wife " has been continually remaining beyond sea " for the last year, abiding at her usual place of abode, (he having deserted her, and come to this country,) does not exempt the defendant from punishment for polygamy.   Further, it may be added that the provision in § 5, " and remained absent for the space of seven years," applies as well to the case of the wife remaining beyond sea, as to the case where one party " has voluntarily withdrawn from the other."   The court properly ruled that if the defendant was married to Alice Oates, and was living with her as his wife in 1862, and he came to this country, leaving her in England, and married another woman in this country, he was not within the statute exception.

3.  The variance between the proof and the allegation in the indictment in respect to his wife Alice Oates continually remaining beyond sea is wholly immaterial.   The case as proved established all that was essential to sustain the indictment under the statute.                                    *Exceptions overruled.*